## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| **WESTFELDT BROTHERS, INC.** | * | **CIVIL ACTION NO.** |
| **Plaintiff** | * | |
| | * | |
| **Versus** | * | |
| | * | |
| **EXCELSO COFFEE, LLC and** | * | |
| **EXCELSO COFFEE COMPANY** | * | |
| | * | |
| | * | |
| | * | |

---

### COMPLAINT

---

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Westfeldt Brothers, Inc. ("Westfeldt"), which files this Complaint and alleges as follows:

### PARTIES

#### 1.

Plaintiff, Westfeldt, is a corporation organized and existing under the laws of the State of Louisiana with its principal place of business in New Orleans, Louisiana, and is a citizen of Louisiana.

#### 2.

Defendant, Excelso Coffee, LLC, is a domestic limited liability company organized under the laws of Georgia with all members, upon information and belief, residing in Georgia, with its principal place of business in Norcross, Georgia, and is a citizen of Georgia.

{AT011525.1}

Defendant, Excelso Coffee Company, is a Georgia corporation with its principal place of business in Norcross, Georgia, and is a Citizen of Georgia.

## JURISDICTION

### 3.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000.00.

## VENUE

### 4.

Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to this lawsuit occurred in the Northern District of Georgia.

## BACKGROUND FACTS

### 5.

Westfeldt is in the business of importing green coffee to supply to coffee roasters.

### 6.

Excelso Coffee, LLC and/or Excelso Coffee Company (collectively referred to as "Excelso") is a coffee roaster that is a customer of Westfeldt's.

### 7.

Throughout the companies' course of dealing, Excelso would issue purchase orders for green coffee to Westfeldt, and Westfeldt would in turn issue a contract to Excelso to confirm each sale.

### 8.

Each contract issued by Westfeldt explicitly provided that full payment was due within 30 days of shipment. *See* contracts attached as Ex. A.

**9.**

Excelso began to become delinquent in its payments under the terms of the contracts despite Westfeldt's fulfillment of its delivery obligations.

**10.**

As of September 7, 2016, Excelso was in breach of numerous contracts, and owed a total balance of $173,602.43 to Westfeldt. The contracts breached by Excelso are attached as Ex. A, and a schedule of the total amount owed under the breached contracts is attached as Ex. B.

## COUNT I – BREACH OF CONTRACT

**11.**

Westfeldt realleges and restates the allegations in paragraphs 1-10 as if stated herein.

**12.**

Westfeldt and Excelso entered into the contracts attached as Ex. A.

**13.**

Excelso has breached those contracts by failing to pay the amounts due.

**14.**

Excelso is indebted to Westfeldt in the total amount of $173,602.43, which amount is presently due and owing.  The amount does not includes interest charges, which are also owed, and will continue to accrue.

## COUNT II – OPEN ACCOUNT

**15.**

Westfeldt realleges and restates the allegations in paragraph 1-14 as if stated herein.

**16.**

Pursuant to the Louisiana Open Account Statute, La. Rev. Stat. § 9:2781(A), "when any person fails to pay an open account . . . after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claimant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant.  Citation and service of a petition shall be deemed written demand for the purposes of this Section."

### 17.

Westfeldt provided coffee to Excelso on open account within the meaning of that term under Louisiana law.

### 18.

Excelso has failed to make payments on its open account in the true and correct sum of $173,602.43.

### 19.

Pursuant to La. Rev. Stat. §9:2781(C), demand for payment is hereby made by citation and service of this Complaint on Excelso.

### 20.

Westfeldt is entitled to recover the full amount due of $173,602.43 from Excelso, plus all attorneys' fees and costs of this litigation pursuant to La. Rev. Stat. § 9:2781.

**WHEREFORE,** Plaintiff, Westfeldt Brothers, Inc., prays that its Complaint be deemed good and sufficient, and that citation be issued and the Complaint be served upon Defendants, Excelso Coffee, LLC and Excelso Coffee Company, and that Defendants be required to answer the Complaint within the time frame set forth under the law and, after due proceedings are had, there be judgment in favor of Westfeldt Brothers, Inc. and against Excelso Coffee, LLC and

Excelso Coffee Company in the full amount of $173,602.43, plus interest, costs, attorney's fees pursuant to La. Rev. Stat. § 9:2781, and all other damages listed in the above paragraphs, and any and all damages which might be proven at trial along with any and all general and equitable relief.

Respectfully submitted,

Karen E. Bain
Georgia Bar No. 495153
JONES WALKER LLP
One Midtown Plaza, Suite 1030
1360 Peachtree St NE
Atlanta, GA 30309
Telephone: (404) 870-7520
Facsimile:  (404) 870-7575
ATTORNEY FOR WESTFELDT BROTHERS, INC.

{AT011525.1}